UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

URALKALI TRADING, S.A.,

    Plaintiff,

v.                                                                                             Case No. 8:12-cv-524-T-24TGW

SYLVITE SOUTHEAST, LLC,

    Defendant,
_____/

## ORDER

This cause comes before the Court on Defendant's Notice of Removal, and Defendant's Supplement to Notice of Removal and Request to Transfer and/or Refer. (Dkts. 1, 9.)

**I.    Background**

Plaintiff Uralkali Trading, S.A., commenced this action by filing a complaint for damages against Defendant Sylvite Southeast, LLC, in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida. In the complaint, Plaintiff alleges that it obtained a judgment in a separate state court action against an entity known as Sylvite Southeast, Ltd. ("the Judgment Debtor"), that the Judgment Debtor is a defunct business, and that it does not have sufficient assets to satisfy the judgment rendered against it. Unable to satisfy that judgment, the Judgment Debtor recently filed for bankruptcy. Plaintiff alleges that Defendant is the alter ego or mere instrumentality of the Judgment Debtor. Plaintiff therefore seeks a determination that renders Defendant liable for the judgment it obtained against the Judgment Debtor.

On March 9, 2012, Defendant filed its Notice of Removal, pursuant to 28 U.S.C. §§ 1334 and 1441. Section 1334(b) provides, in part, that "district courts shall have original but not

exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Section 1334(e) further provides, in part, in a case under title 11, that the district court shall have exclusive jurisdiction "of property of the estate." Defendant explains that this case is related to the title 11 case commenced by the Judgment Debtor, that this case involves property of the bankruptcy estate, and constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Defendant furthermore requests that this case be transferred or referred to the Bankruptcy Court for resolution pursuant to the Court's standing order of referral.

## II. Discussion

"Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Pursuant to this authority, on February 22, 2012, the District Court for the Middle District of Florida entered a standing order of referral to the bankruptcy courts. *See In re: Standing Order of Reference Cases Arising Under Title 11, United States Code*, No. 6:12-mc-26-ORL 22 (M.D. Fla. Feb. 22, 2012) (ordering that "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district").

This standing order of referral mandates that this case be immediately transferred and referred to the bankruptcy court. This case is one that is "related to a case under title 11," as the Judgment Debtor has filed for bankruptcy under Chapter 7 of the U.S. Bankruptcy Code, and Plaintiff seeks a determination that Defendant is the alter ego or mere instrumentality of the Judgment Debtor. The bankruptcy court "is 'fully equipped' with the necessary judicial skills to

2

determine and resolve all legal issues arising in this case," including whether Defendant shall be liable for the judgment Plaintiff obtained against the Judgment Debtor in state court. *See Hvide Marine Towing, Inc. v. Kimbrell*, No. 00-cv-891, 2000 U.S. Dist. LEXIS 9678 (M.D. Fla. May 25, 2000) (quoting *In re Keene Corp.*, 182 B.R. 379, 385 (S.D.N.Y. 1995) (observing that the bankruptcy judge is "fully equipped with the tools to proceed with the matter without interference by the district court")).

## III. Conclusion

Accordingly, having considered Defendant's Notice of Removal, and Supplement, it is **ORDERED AND ADJUDGED** that this case is hereby **TRANSFERRED AND REFERRED** to the United States Bankruptcy Court for the Middle District of Florida, Tampa Division pursuant to the standing order of referral. The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida this 26th day of March, 2012.

Copies to:

Counsel of Record

SUSAN C. BUCKLEW
United States District Judge